## HUDSON ag$^t$ SMITH

Cap$^t$ W$^m$ Hudson plaint. ag$^t$ Elizabeth Smith widdow & relict of Francis Smith sometime of Boston dec$^d$ Defend$^t$ in an action of debt of twenty four pounds or thereabouts due by booke; which debt was contracted by her saide husband & the s$^d$ Elizabeth having made herselfe Liable to pay the s$^d$ debt as having entred upon alienated or imbezelled the goods or Estate of the deceased without proving any will of the deceaseds taking of Administracion or bringing in an Jnventory of his lands goods & debts with all due damages according to attachm$^t$ Dat. Janur° 19th 1674. This accion was by order continued from the Last Court untill this & being now called. . . . The Jury . . . founde for the plaint. two & twenty pounds & seven pence in mony & costs of Court. The Defend$^t$ appealed from this judgem$^t$ unto the next Court of Assistants & herselfe principall in £.44. & Experience Willis & Rich$^d$ Travis Sureties in £.22. apeice acknowledged themselves respectiuely bound to . . . prosecute her appeale . . . .

[This undated petition from Elizabeth Smith (S. F. 1398.5) explains why she objected to being held liable for her husband's debts:

To this Honored County Court Sitting in Boston Elizabeth Smith sometime the wife of Francis Smith of Boston Cardmaker & not yet knowing him to bee dead, yet having received a Summons hereunto annexed & not being able nor hath been to rise out of her bed or walke from the same this severall monthes; by virtue of the law title (Liberties Common) humbly offereth this unto yo$^r$ wise consideration.

That Shee is not liable legally to pay the debts of her s$^d$ husband if hee bee either living or dead: though the s$^d$ Summons saith I am liable to pay the plaintife his demands therein; Because (as hee saith) having entred upon alienated or imbezled the goods ec. without proving any will, taking out Administration or bringing in an Inventory of my s$^d$ husbands Estate; which I humbly conceive had been improper to doe untill I could prove my husband dead; nor doe I beleive any

---

Court will grant Administration upon any mans Estate untill hee bee dead & soe proved. Wherefore if Capt$^n$ Hudson can prove my s$^d$ husband dead, it is my desire (if it may soe please the Court) that hee may haue Administration of his Estate and untill hee proves him dead his cause of action is groundless as in the Summons mentioned.

Another thing for him to prove as (I humbly conceive before his action can bee committed) that I haue entred upon ec. for there is a difference between entring upon & being left in possession; and in truth I haue not nor ever had since my husbands departure from this Town for England aboue Six yeares past any of his Estate excepting a little poore bedding & some (& that a few of) other old household stuffe, which hee left mee possessed of & therefore did not enter upon & possess my Selfe thereof.

Lastly. this I say that I did never thinke my husband to bee in Capt$^n$ Hudsons debt; but this I doe know that my husband did about Sixteen yeares agon send mee to Capt$^n$ Hudsons with five pounds in mony to lend him & I did then deliver it to him. & since that I know that my husband did Lend him twenty Shillings when our wharfe was laide at the dockhead unto which I can bee deposed & intreate of this Court I may so doe if you are pleased to judge the same needfull & yet I find no mention of neither of these saide Summes in the plaintifes acco$^t$ nor any other but two articles on the Credit side without date in his old Acc$^t$ begining neere upon 24. yeares past & ending neere upon 12. yeares since & never that I know any of it demanded till now: all which I leaue with yo$^r$ wise consideration praying god to direct you in all truth.

Elizabeth × Smith<br>her marke

. . . true Coppie . . . Is$^a$ Addington Cler.

The following evidence of Smith's death (S. F. 1398.6) was produced:

Hudson Leverett aged thirty Six yeares or thereabouts testifieth & saith that being in company with S$^r$ W$^m$ Bartlet, Colonel Kendall & Capt$^n$ Jn$^o$ Custes at a place called greene Spring,[1] the aforesaide Custes told mee that there was one Francis Smith a Cardmaker that belonged to New-England was a Servant to S$^r$ W$^m$ Bartlett & that hee lay dying of the Scurvey & dropsey, upon which s$^d$ Cap$^n$ Custes went with mee and shewed mee the s$^d$ Smith & I saide Capt$^n$ Custes I never saw a man so altered in my life, for I hardly knew him untill hee spake, & the next morning when Capt$^n$ Custes & I arose one of S$^r$ W$^m$ Bartlets men told us that the abouesaide Francis Smith was dead & then saide Custice & I went down & saw the s$^d$ Smith lye dead in a Coffin whome when sick I knew to bee the same Francis Smith that sometime lived in Boston & was a Cardmaker here: this was when I this deponent was last in Virginia

Sworn in Court. 27$^o$ Aprill 1675. as Attests Is$^a$ Addington Cler

. . . true Coppie . . . Is$^a$ Addington Cler

Copy of attachment in S. F. 1398.1; deposition of Richard Wharton in S. F. 1398.8; Elizabeth Smith's Reasons of Appeal in S. F. 1398.3. These Reasons refer to the title "Wills" (General Laws and Liberties of Massachusetts, 1672, p. 157), and argue that knowledge that the

---

[1] Green Spring, the seat of Governor Sir William Berkeley, of Virginia.

owner is dead must be a prerequisite to liability for intermeddling with a decedent's property under that statute.

The Court of Assistants (Records, i. 44) reversed the judgment of the County Court and awarded 26*s* to the widow (?) Smith.]